UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

OSCAR LEE BRIOWN, JR., )
 )
        Plaintiff, )
  vs. ) No. 15-3024
 )
JOHN DOE, )
        Defendant. )

## MERIT REVIEW ORDER

The plaintiff, proceeding *pro se,* a pretrial detainee at the Sangamon County Jail, was granted leave to proceed *in forma pauperis.* This case is now before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff filed this lawsuit pursuant to 42 U.S.C. §1983. Plaintiff claims he was assaulted by his cellmate on January 31, 2013, and, as a result, filed a federal civil lawsuit against jail officials for failure to protect him (Central District of Illinois Case No. 14-CV-3003). In the instant case, the plaintiff is attempting to sue the Sangamon County State's Attorney for failure to prosecute his cellmate for the alleged assault. Plaintiff claims that the State's Attorney's decision not to prosecute violates his Equal Protection rights under the Fourteenth Amendment.

Prosecutors are absolutely immune from liability in § 1983 suits brought against prosecutorial actions that are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 428-430 (1976); Van de Kamp v. Goldstein, 555 U.S. 335, 335 (2009). Plaintiff's complaint contains no allegations that would deprive the Sangamon County State's Attorney of his right to immunity. Therefore, plaintiff's complaint fails to state a claim.

**IT IS THEREFORE ORDERED that:**

1.    The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

1

2.      This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).  The clerk of the court is directed to record the plaintiff's strike in the three-strike log.

3.      The plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed.  The agency having custody of the plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4.      If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* MUST set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 5th day of March, 2014.


/s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE